## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dana Clemons,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-14-01140-PHX-NVW (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Dana Clemons has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents argue that Petitioner's guilty plea waived review of several of his claims, and that all of his claims are procedurally barred from federal habeas corpus review. (Doc. 9.) Petitioner has filed a reply in support of his Petition. (Doc. 10.) For the reasons below, the Court recommends that the Petition be denied.

**I.    Procedural Background**

    **A.    Charges, Guilty Plea, and Sentencing**

On March 24, 2010, Petitioner was indicted in the Maricopa County Superior Court on the following counts: (1) two counts of sexual conduct with a minor, class two felonies and dangerous crimes against children (Counts One and Two); (2) two counts of molestation of a child, class two felonies and dangerous crimes against children (Counts Three and Four); and (3) four counts of sexual conduct with a minor, class six felonies (Counts Five through Eight). (Doc. 9, Ex. A.) The indictment referred to several

1  sentencing statutes, including the dangerous crimes against children statute (DCAC), Ariz. Rev. Stat. § 13-604.01.  (Doc. 9, Exs. A, B.)

After a settlement conference that Petitioner attended with counsel, Petitioner agreed to plead guilty to one count of sexual conduct with a minor, a class two felony, and two counts of attempted molestation of a child, class three felonies.  (Doc. 9, Exs B, C, D.)  Each offense was designated a dangerous crime against children under Ariz. Rev. Stat. §§ 13-604.01.[1]  The plea agreement provided that Count One had a presumptive sentence of twenty years' imprisonment, a minimum sentence of thirteen years' imprisonment, and a maximum sentence of twenty-seven years' imprisonment.  (Doc. 9, Ex. B at 1.)  The plea agreement specified that the sentence on Count One would be served as flat time.  (*Id.*)  The plea agreement also provided that Counts Two and Three each carried a presumptive sentence of ten years' imprisonment, a minimum sentence of five years' imprisonment, a maximum sentence of fifteen years' imprisonment, and that probation was available for a term of no less than five years and a maximum of life.  (*Id.*) The parties stipulated that Petitioner would be sentenced to no less than twenty years' imprisonment, and no more than twenty-seven years' imprisonment on Count One, followed by concurrent terms of lifetime probation on the remaining two counts.  (Doc. 9, Ex. B at 2.)

During the settlement conference, the court reviewed the charges in the indictment and the State set forth the facts supporting each charge.  (Doc. 9, Ex. D at 7-8.)  Each charge was based on different conduct.  (*Id.*)  The court reviewed Petitioner's sentencing exposure under the eight counts in the indictment.  (Doc. 9, Ex. D at 14-18.)  The court also discussed the terms of the plea agreement and Petitioner's sentencing exposure under the terms of the plea agreement.  (Doc. 9, Ex. D at 17-19.)

At the change of plea hearing, the court discussed the offenses to which Petitioner was pleading guilty pursuant to the plea agreement.  (Doc. 9, Ex. D at 26-27.)  The court

---

[1] The Court cites the version of the statute in effect at the time of Petitioner's sentencing.  The statute was later renumbered Ariz. Rev Stat. § 13-705.

- 2 -

specifically stated that each offense was a dangerous crime against children under Arizona law. (*Id.*)  Petitioner confirmed that he reviewed the entire plea agreement with defense counsel and understood it.  (*Id.* at 29.)  After the court explained the rights that Petitioner was waiving by pleading guilty, and ensured that Petitioner understood the terms of the plea agreement, Petitioner entered a guilty plea pursuant to the agreement. (Doc. 9, Ex. D at 37-39.)  Petitioner affirmed that he was guilty of Count One, which was characterized as a dangerous crime against children.  (*Id.* at 37-39.)  Petitioner also admitted that he was guilty of the remaining two charges.  (*Id.* at 39-41.)  After the factual bases for the charges were established, including that the victim was fourteen-years old, the court accepted Petitioner's guilty plea.[2]  (*Id.* at 41.)

In accordance with the plea agreement, the court later sentenced Petitioner to twenty years' imprisonment on Count One, followed by concurrent terms of lifetime probation on Counts Two and Three.  (Doc. 9, Ex. E.)

### B     First Post-Conviction Proceeding

On February 14, 2011, Petitioner filed a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.  (Doc. 9, Ex. F.)  After appointed counsel indicated that he could find no issues to raise, Petitioner filed a petition raising the following claims: (1) the trial court erred when it sentenced him pursuant to Ariz. Rev Stat. § 13-604.01, and should have sentenced him pursuant to Ariz. Rev. Stat. §§ 13-701 and 13-702.01, which were also listed in the plea agreement; (2) trial counsel was ineffective for failing to object to Petitioner's sentences; and (3) the trial court erred by imposing a sentence in excess of that authorized by Ariz. Rev. Stat. § 13-701.  (Doc. 9, Ex. G.)

---

[2] To support Count One, Petitioner admitted that he engaged in "oral sexual conduct" with the victim who was fourteen years old. (Doc. 9, Ex. D at 38.)  To support Count Two, Petitioner admitted that he attempted to engage in "masturbatory conduct" with the victim who was fourteen years old.  (*Id.* at 39.)  To support Count Three, Petitioner admitted that he engaged in a different act of "masturbatory conduct" with the victim who was fourteen years old.  (*Id.* at 41.)

1    On January 26, 2012, the court denied the petition and dismissed the post-conviction proceeding. (Doc. 9, Ex. H.) The court found that, considering the victim's age, the trial court properly imposed a presumptive term pursuant to Ariz. Rev. Stat § 13-604.01, Petitioner received sufficient notice of the potential sentence before he pleaded guilty, the trial court correctly applied Arizona law, and trial counsel was not ineffective for failing to object to Petitioner's lawful sentence. (*Id.*)

On February 27, 2012, Petitioner filed a petition for review in the Arizona Court of Appeals raising the same three claims. (Doc. 9, Ex. I.) The Arizona Court of Appeals granted review but denied relief, finding that the trial court's ruling was correct. (Doc. 9, Ex. J.)

### C.    Second Post-Conviction Proceeding

Petitioner filed a second notice of post-conviction relief and a petition raising five claims: (1) the trial court coerced Petitioner's guilty plea; (2) trial counsel was ineffective for failing to challenge the indictment as multiplicitous; (3) the trial court and trial counsel erred in failing to sever the charged offenses; (4) trial counsel failed to fully advise Petitioner regarding the flawed indictment, which resulted in a plea that was not voluntarily and intelligently made; and (5) newly discovered evidence reflected that the trial court imposed an unlawful sentence and violated the Double Jeopardy Clause. (Doc. 9, Exs. K, O.)

On April 23, 2014, the court dismissed the second post-conviction proceeding. The court found that the notice of post-conviction relief was untimely pursuant to Rule 32.4(a), and Petitioner's ineffective assistance of counsel and Double Jeopardy claims were also precluded by Rule 32.2(a)(2). (Doc. 12, Ex. A.)[3] On Petitioner's claim of newly discovered evidence, the court found that he failed to provide "any facts, affidavits, records, or other evidence" demonstrating newly discovered evidence, and

---

[3] Document 12 is a Supplement to Respondents' Answer. (Doc. 12.) It includes the trial court's April 23, 2014 decision dismissing the second post-conviction proceeding, which was not provided with the Answer. (Doc. 12, Ex. A; *see* Doc. 11.)

- 4 -

thus, the claim was untimely pursuant to Rule 32.4(a).  (*Id.*)  Petitioner did not file a petition for review in the Arizona Court of Appeals.

### D. Federal Petition for Writ of Habeas Corpus

On May 28, 2014, Petitioner filed a Petition in this Court arguing that: (1) the indictment was multiplicitous in violation of the Double Jeopardy Clause (Ground One); (2) trial counsel was ineffective for (a) failing to challenge the indictment as multiplicitous, and (b) for improperly advising Petitioner of his sentencing exposure under the indictment (Ground Two); (3) his guilty plea was involuntary because (a) trial counsel and (b) the State misinformed Petitioner about the potential sentencing range under the indictment (Ground Three); (4) Petitioner was denied due process because (a) he was not represented by "a competent lawyer at every stage of the proceeding (as raised in Count Two)," (b) the Double Jeopardy Clause was violated because the indictment was multiplicitous and his sentences were based on the same offense, and (c) he was coerced into pleading guilty by the multiplicitous indictment.[4]  (Doc. 1 at 6-10.)

Respondents argue that, by pleading guilty, Petitioner waived review of his claim that the multiplicitous indictment violated the Double Jeopardy Clause (Grounds One and Four (b)), and his claim that trial counsel was ineffective for failing to object to the indictment (Ground 2(b)).  Respondents also argue that federal habeas corpus review of all of Petitioner's claims is procedurally barred.  (Doc. 9.)  Petitioner disputes these assertions. (Doc. 10.)

## II. Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To

---

[4] In his Reply, Petitioner argues that trial counsel was ineffective for failing to move to sever the offenses pursuant to Ariz. Rev. Stat. § 13.4. (Doc. 10 at 6.) The Court does not consider this claim because, "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). Additionally, federal habeas corpus review of this claim is procedurally barred for the reasons set forth in Sections I.C and II.A and B.

exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th

Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id.* at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice"

would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

**A.     Grounds One through Four of the Petition are Procedurally Barred**

Respondents argue that Petitioner's claims asserted in Grounds One through Four are procedurally barred from federal habeas corpus review because Petitioner did not present these claims to the trial or appellate court in his first post-conviction proceeding and, even though he attempted to raise them in his second post-conviction action, the court found review of those claims barred on state procedural grounds. (Doc. 9 at 14-16.)

The record reflects that Petitioner did not present any of his grounds for relief to the state trial and appellate court during his first post-conviction proceeding. (Doc. 9, Exs. G, I.) It would be futile for Petitioner to return to the state courts to exhaust these claims because a successive petition for post-conviction relief would be untimely, and these claims would be precluded from Rule 32 review because they could have been raised in Petitioner's prior post-conviction proceeding. *See* Ariz. R. Crim. P. 32.2(a)(3) and 32.4(a); *see also State v. Bennett*, 146 P.3d 63, 67 (2006) ("As a general rule, when [claims] are raised, or could have been raised, in a Rule 32 post-conviction proceeding, subsequent claims [] will be deemed waived and precluded.") (internal quotation omitted). Accordingly, federal habeas corpus review of Petitioner's claims is procedurally barred. *See McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)); *see also Boerckel*, 526 U.S. at 848.

In addition, federal habeas corpus review of Petitioner's claims is procedurally barred because when Petitioner attempted to present his claims in his second post-

conviction proceeding, the state court found review barred pursuant to Ariz. R. Crim. P. 32.4(a), which provides the deadlines for filing a notice of post-conviction relief. (Doc. 12, Ex. A.) The court's procedural ruling based on Rule 32.4(a) did not depend on federal law or an examination of the merits of Petitioner's claims, and thus, the ruling was "independent" of federal law. *See Nitschke v. Belleque*, 680 F.3d 1105, 1110 (9th Cir. 2012) (discussing requirement that state procedural rule must rest on an "independent" state law ground).

Additionally, Arizona courts have regularly and consistently followed Rule 32.4(a). This procedural rule is "adequate" because Arizona courts routinely dismiss post-conviction proceedings based on a petitioner's failure to file a timely notice or petition for post-conviction relief. *See Pollard v. Schriro*, 2006 WL 3512037, at *3 (D. Ariz. Dec. 6, 2006) (post-conviction court dismissed Rule 32 proceeding based on petitioner's failure to file a timely petition); *Simmons v. Schriro*, 187 Fed. App'x. 753, 754 (9th Cir. 2006) (holding that Arizona's procedural rules, including its timeliness rules, are "clear" and "well-established"); *State v. Carriger*, 692 P.2d 991, 995 (Ariz. 1984) (observing that "[p]etitioners must strictly comply with Rule 32 or be denied relief"). The timeliness requirements of Rule 32.4 are firmly established and regularly followed. Therefore, the state court's ruling based on Rule 32.4 was "adequate."[5] *See Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003) ("To be deemed adequate the state law ground for decision must be well-established and consistently applied.").

Because the state court applied an independent and adequate state law ground to deny review of the claims presented in Grounds One through Four, federal habeas corpus review of those claims is procedurally barred. *See Beard*, 558 U.S. at 53 (stating that a

---

[5] The state court also found that several of Petitioner's claims were precluded under Rule 32.2(a)(2) because Petitioner could have raised them in his first post-conviction proceeding. (Doc. 12, Ex. A.) Rule 32.2(a)(2) is also an independent and adequate state procedural rule. *See Smith*, 536 U.S. at 860 (finding Rule 32.2(a) determinations independent of federal law); *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a) regularly followed and adequate).

- 9 -

claim is procedurally barred when a petitioner raised it in state court, but the court found it barred on adequate and independent state procedural grounds).

### B. Petitioner has not Established a Basis to Overcome the Procedural Bar

Because Petitioner's claims are procedurally barred, federal habeas corpus review is unavailable unless Petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 749. For the reasons below, the Court finds that Petitioner has not established a basis to overcome the procedural bar.

#### 1. Fundamental Miscarriage of Justice

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup,* 513 U.S. at 324. The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice (Docs. 1, 10.) Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar.

#### 2. Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice." *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must establish that some objective factor external to the defense

impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

### 3. The *Martinez* Cause Standard

Liberally construing Petitioner's Reply, he argues cause based on post-conviction counsel's failure to present to the state court on initial post-conviction review the claims he asserts in the Petition. (Doc. 10 at 8.) Ineffective assistance of counsel may constitute cause for failing to properly exhaust claims in state court and excuse procedural default. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998). However, ordinarily, to meet the "cause" requirement, the ineffective assistance of counsel must amount to an independent constitutional violation. *Id.* Accordingly, when no constitutional right to an attorney exists (such as in a post-conviction proceeding), ineffective assistance will not amount to cause excusing the procedural default. *Id.*

The Supreme Court has held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted). In *Coleman,* the Court held that

the ineffectiveness of post-conviction counsel also could not establish cause to excuse a failure to properly exhaust state remedies and a procedural default on a claim. *Id.*

However, in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1315 (2012), the Supreme Court established a limited exception to this general rule. The Court held that the ineffective assistance of post-conviction counsel "at initial-review collateral review proceedings" — while not stating a constitutional claim itself — may establish cause to excuse procedural default of claims of ineffective assistance of trial counsel when a post-conviction proceeding represents the first opportunity under state law for a petitioner to litigate such claims. *Id.* at 1315. In *Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013), the Ninth Circuit held that "the *Martinez* standard for cause applies to all Sixth Amendment ineffective-assistance claims, both to trial and appellate, that have been procedurally defaulted by ineffective counsel in the initial-review state-court collateral proceeding."

Because the *Martinez* cause standard applies only to defaulted ineffective assistance of counsel claims, it does not apply to Petitioner's double jeopardy claim and his challenge to the indictment (Ground One), his claim that his plea was involuntary because the State misinformed him about his potential sentencing range (Ground Three (b)), and his claim that his Due Process rights were violated because he was subjected to double jeopardy and coerced to plead guilty by the multiplicitous indictment (Grounds Four (b) and (c)). Accordingly, Petitioner cannot rely on *Martinez* to excuse the procedural bar to federal habeas corpus review of these claims. Petitioner has not alleged, or established, any other basis to excuse the procedural bar to federal habeas corpus review of these claims.

However, *Martinez* applies to Petitioner's claims of ineffective assistance of trial counsel asserted in Grounds Two (b), Three (a), and Four (a). Accordingly, the Court considers whether Petitioner has met the requisite showing under *Martinez* to excuse the procedural bar to review of these claims.

#### 4. The *Martinez* Cause Standard Applied to Petitioner's Claims

To establish cause under *Martinez*, a petitioner must demonstrate that post-conviction counsel's failure to raise the defaulted claim was itself ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and that the underlying claim of ineffective assistance of counsel was "substantial." *Martinez*, 132 S. Ct. at 1318. A "substantial" claim "has some merit." *Id*. Like the standard for issuing a certificate of appealability, to establish a "substantial" claim, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (internal quotations omitted). In other words, a claim is "'insubstantial' if it does not have any merit or is wholly without factual support." *Id.* Determining whether an ineffective assistance of counsel claim is substantial requires a district court to examine the claim under the standards of *Strickland*.

#### a. Establishing Ineffective Assistance of Counsel Claims

To establish a Sixth Amendment claim of ineffective counsel, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. *Id*. at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Review of counsel's performance is extremely limited. Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Id.*

To establish a Sixth Amendment violation, a petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. *Id.* at 691-92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both *Strickland* requirements if the petitioner makes an insufficient showing on one. *See id.* at 697 (explaining that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) (stating that "[f]ailure to satisfy either prong of the *Strickland* test obviates the need to consider the other") (citing S*trickland*, 466 U.S. at 688).

### b. Petitioner's Ineffective Assistance Claims

In Ground Two (a), Petitioner argues that trial counsel was ineffective for failing to challenge the indictment as multiplictous. (Doc. 1 at 7.) In Grounds Two (b), Three (a), and Four (a), Petitioner asserts that trial counsel was ineffective for failing to advise Petitioner that the indictment was unconstitutional, and he was prejudiced because counsel's erroneous advice led him to believe that he could receive a total of eight consecutive sentences and, thus, induced him to plead guilty. (Doc. 1 at 6.)

### i. Failure to Challenge the Indictment

In Count Two, Petitioner argues that trial counsel was ineffective for failing to challenge the indictment as multiplictous.[6] (Doc. 1 at 7.) "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollet v.*

---

[6] On March 10, 2010, a grand jury indicted Petitioner on two counts of sexual conduct with a minor, class two felonies and dangerous crimes against children (Counts One and Two), two counts of molestation of a child, class two felonies and dangerous crimes against children (Counts Three and Four), and four counts of sexual conduct with a minor, class six felonies (Counts Five and Six). (Doc. 9, Ex. A.) Counts One through Four identified the victim as B.H., a child under the age of fifteen. (*Id.* at 1.) Counts Five through Eight identified the victim as B.H., a minor fifteen years of age or over. (*Id.* at 2.) The indictment alleged that the criminal conduct occurred between October 2, 2006 and October 1, 2007. (Doc. 9, Ex. A.)

- 14 -

*Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Broce*, 488 U.S. 563, 574 (1989) (recognizing that a criminal defendant who pleads guilty waives the right to challenge alleged violation of constitutional rights that are unrelated to the plea agreement).

Because Petitioner pleaded guilty, his complaints about trial counsel's alleged pre-plea failure to object to the indictment as multiplicitous were waived by his guilty plea. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1994) (holding that defendant's guilty plea waived any claim that he was denied assistance of counsel at a pre-plea hearing); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (holding that guilty plea precluded habeas petitioner from raising pre-plea claim that his attorneys failed to challenge petitioner's confession); *but see United States v. Smith*, 424 F.3d 992, 1000 n.4 (9th Cir. 2005) ("Multiplicity of sentences is unlike the issue of multiplicity of an indictment which can be waived if not raised below.").

Because Petitioner's guilty plea waived this pre-plea claim of ineffective assistance of counsel, Petitioner cannot show that post-conviction counsel was ineffective for failing to raise this issue on post-conviction review. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

### ii. Erroneous Advice about Potential Sentence

In Grounds Two (b), Three (a), and Four (a), Petitioner argues that trial counsel's performance was deficient because he wrongly advised Petitioner that the indictment was not multiplicitous and, thus, wrongly advised Petitioner he could be convicted of each count in the indictment and that the trial court could impose consecutive sentences. (Doc. 1 at 7.) The negotiation of a plea bargain is "'a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel.'" *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1406 (2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356 (2010)). If counsel has erroneously advised a defendant about the law during a plea negotiation, or improperly coerced a defendant to accept a plea bargain, counsel's

performance may be found deficient. *See Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1384 (2012) (counsel's erroneous legal advice about possibility of conviction that led to rejection of plea offer constituted deficient performance). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Id.* at 1387. To satisfy *Strickland's* prejudice prong when a petitioner has pleaded guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (citations omitted).

To support his claim that he received ineffective assistance during the plea negotiations, Petitioner essentially argues that trial counsel erroneously advised him that the indictment was not mutiplicitous and that Petitioner could receive consecutive sentences for each count of the indictment. To determine multiplicity, "[t]he test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately . . . If the latter, there can be but one penalty." *Blockburger v. United States*, 284 U.S. 299, 302 (1932) (two drug sales made at separate times do not constitute a continuous offense).

Here, the indictment alleged individual acts of sexual conduct with one victim. (Doc. 9, Ex. A.) The transcript of the settlement conference indicates that the State had evidence of separate acts to support each count of the indictment and each count of conviction. (Doc. 9, Ex. D at 7-8.) The State asserted that evidence would show that, when the victim was fourteen, Petitioner persuaded the victim to perform oral sex on him, that Petitioner performed oral sex on the victim, that on "another occasion [the victim] performed oral sex on Petitioner, and that Petitioner and the victim "masturbated each other. (Doc. 9, Ex. D at 8.) The State also had evidence that when the victim was fifteen, Petitioner performed oral sex on him, the victim "performed manual stimulation to [Petitioner's] penis and penetrated [Petitioner's] anus," and "then [Petitioner] did the same to [the victim]." (*Id.*)

1  Considering the alleged separate acts of sexual conduct underlying the counts
2 charged in the indictment, it was possible that Petitioner could have been convicted on
3 each count without violating the Double Jeopardy Clause. *See State v. Vickrey*, 2011 WL
4 6916544, at *2 (Ariz. Ct. App. 2011) (discussing separate acts of sexual conduct with a
5 minor and finding that trial court properly imposed consecutive sentences for child
6 molestation and sexual conduct with a minor); *State v. Boldrey*, 861 P.2d 663, 666 (Ariz.
7 Ct. App. 1993) ("Multiple sexual acts that occur during the same sexual attack may be
8 treated as separate crimes."). Thus, trial counsel did not perform deficiently by advising
9 Petitioner that he could be convicted on each count in the indictment. Additionally, as
10 the trial court discussed during the settlement conference, the applicable sentencing laws
11 allowed, and under certain circumstances required, consecutive sentences. (Doc. 9, Ex. D
12 at 15-16); *see* Ariz. Rev. Stat. § 13-604.01 (renumbered § 13-705); *Vickrey*, 2011 WL
13 6916544, at *1 (stating that consecutive sentences are required when a defendant
14 committed child molestation with "any other dangerous crime against children."); *see*
15 *also State v. Tsinnijinne*, 80 P.3d 284, 286 (Ariz. Ct. App. 2003) (analyzing Ariz. Rev.
16 Stat. 13-604.01).

17  Accordingly, trial counsel did not perform deficiently by advising Petitioner that
18 he could be convicted on all eight counts in the indictment and that he could receive
19 consecutive sentences. Having determined that trial counsel's performance was not
20 deficient, the Court need not reach the prejudice prong. *See Strickland*, 466 U.S. at 697.

### c. Conclusion

22  As set forth above, Petitioner has not shown that trial counsel was ineffective for
23 the reasons alleged in the Petition. Because Petitioner has not shown that trial counsel
24 was ineffective for the reasons alleged in Grounds Two (a) and (b), Ground Three (a),
25 and Ground Four (a), he cannot show that post-conviction counsel was ineffective for
26 failing to raise those claims of ineffective assistance of counsel on post-conviction review
27 and, therefore, he has not met the *Martinez* standard. *See Wildman v. Johnson*, 261 F.3d
28 832, 840-42 (9th Cir. 2001) (appellate counsel's failure to raise issues on direct appeal

does not constitute ineffective assistance of counsel when claim would not have provided grounds for reversal); *Miller v. Keeney*, 882 F.2d 1428, 1434-35 (9th Cir. 1989) (appellate counsel is not deficient for failing to raise a weak issue). Accordingly, these grounds are barred from federal habeas corpus review.

Additionally, Petitioner's status as an inmate, lack of legal knowledge and assistance, and limited legal resources do not establish cause to excuse the procedural bar to review of Petitioner's claims. *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause). Accordingly, Petitioner has not shown cause for his procedural default and the Court does not consider whether Petitioner has shown prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Because all of Petitioner's claims are procedurally barred and Petitioner has not established a basis to overcome that bar, the Court recommends that the Petition be denied.

### III.   Conclusion

Because Petitioner's claims are procedurally barred from federal habeas corpus review, the Court recommends that the Petition for Writ of Habeas Corpus be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to

file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 3rd day of March, 2015.

_____
Bridget S. Bade
United States Magistrate Judge